D. Maimon Kirschenbaum
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY  10279
(212) 688-5640
(212) 688-2548 (fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**BUDIONO WICAKSONO, JONG HUI**
**KWEK, RUDY HARIANTO, and**
**HANDOKO GWIE**

                                         **Civil Action No. 10-CV-03635-LAK-JCF**

             **Plaintiffs,**

**v.**

**XYZ 48 CORP., d/b/a AOKI SUSHI,**

             **Defendant.**

-------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR DEFAULT JUDGMENT PURSUANT TO**
<u>**FEDERAL RULE OF CIVIL PROCEDURE 55 (b)(2)**</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iv

Preliminary Statement ...................................................................................... 1

Background ........................................................................................................ 2

Legal Argument ................................................................................................ 3

I.      PLAINTIFFS ARE ENTITLED TO ENTRY OF DEFAULT JUDGMENT. ................... 3

        A.     The Well-Pleaded Allegations In The Complaint Must Be Accepted As True ........ 3

        B.     The Allegations Clearly Establish Defendant's Liability .......................... 5

                1.     Minimum Wage, Overtime And Spread-Of-Hours ............................ 5

                2.     Misappropriated Tips ................................................... 5

II.     THE COURT MAY SET DAMAGES WITHOUT AN INQUEST .................................. 6

III.    PLAINTIFFS' DAMAGE CALCULATIONS .......................................................... 9

        A. Applicable Limitations Periods ..........................................................

            1. The FLSA's Three-Year Statute of Limitations Is Applicable Because
               Defendant's Actions Were Willful. .................................................. 9

            2. The NYLL Statute of Limitations .................................................. 9

        B.  Plaintiffs May Recover Unpaid Wages At The Ordinary, Statutorily
            Prescribed Minimum Wage And Overtime Rates ...................................... 10

            1. Defendant Is Not Entitled To A "Tip Credit." .................................... 10

            2. The Applicable Minimum Wage Should Be The Higher Of The Federal
               And State Minimum Wage for The Relevant Time Period ........................ 12

        C.  Plaintiffs Are Entitled To Liquidated Damages Under The FLSA And
            NYLL ................................................................................ 13

            1. FLSA Liquidated Damages ........................................................ 13

            2. NYLL Liquidated Damages ........................................................ 14

D.  Plaintiffs Are Entitled To Prejudgment Interest On Their Claims.................................. 16

IV.     DAMAGES ANALYSIS ........................................................................................... 17

V.  PLAINTIFFS ARE ENTITLED TO REASONABLE ATTORNEYS' FEES
AND COSTS ................................................................................................................... 18

Conclusion ...........................................................................................................................

TABLE OF AUTHORITIES

<u>CASES:</u>

*Alejo v. Darna Restaurant*, 09 Civ. 5436 (CM) (AJP),
   2010 U.S. Dist. LEXIS 133613 (S.D.N.Y. Dec. 17, 2010) .......................................... 5, 6, 8, 11

*Allsopp v. Akiyama, Inc.*, No. 09-cv-00063-WYD-KMT,
   2010 U.S. Dist. LEXIS 127060 (D. Colo. Mar. 26, 2010) ...................................................... 12

*Alston v. Northstar La Guardia LLC*, 10 Civ. 3611 (LAK) (GWG),
   2010 U.S. Dist. LEXIS 90958 (S.D.N.Y. Sept. 3, 2010) ............................................................ 3

*Anderson v. Mt. Clemens Pottery Company*,
   328 U.S. 680, 66 S. Ct. 1187 (1946) .................................................................................. 7

*Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*,
   522 F.3d 182 (2d Cir. 2008) ............................................................................................ 19

*Ayres v. 127 Restaurant Corporation*,
   12 F. Supp. 2d 395 (S.D.N.Y. 1998) ................................................................ 10, 11, 13, 15

*Barfield v. New York City Health & Hospitals Corporation*,
   537 F.3d 132 (2d Cir. 2008) ............................................................................................ 13

*Blue v. Finest Guard Services*, 09 CV 133 (ARR),
   2010 U.S. Dist. LEXIS 73223 (E.D.N.Y. June 24, 2010) ......................................... 3, 4, 15, 17

*Boyke v. Superior Credit Corporation*, 01-CV-0290,
   2006 U.S. Dist. LEXIS 93928 (N.D.N.Y Dec. 28, 2006).......................................................... 4

*Brock v. Wilamowsky*,
   833 F.2d 11 (2d Cir. 1987) ....................................................................................... 14, 16

*Cao v. Wu Liang Ye Lexington Restaurant*, 08 Civ. 3725 (DC),
   2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sept. 30, 2010) ......................................... *passim*

*Carter v. Frito-Lay, Inc.*,
   425 N.Y.S.2d 115, 74 A.D.2d 550 (1st Dep't 1980) ............................................................ 16

*Cesario v. BNI Construction*, No. 07 Civ. 8545,
   2008 U.S. Dist. LEXIS 103155 (S.D.N.Y. Dec. 15, 2008) ............................................. 6, 8, 19

*Chan v. Sung Yue Tung Corporation*, 03 Civ. 6048 (GEL),
   2007 U.S. Dist. LEXIS 7770 (S.D.N.Y. Feb. 1, 2007).......................................................*passim*

*Chan v. Triple 8 Palace*, No. 03 Civ. 6048,
    2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. March 30, 2006) ..................................................... 11

*Chao v. Vidtape,*
    196 F. Supp. 2d 281 (E.D.N.Y. 2002) ................................................................................. 7

*Cotton v. Slone,*
    4 F.3d 176 (2d Cir. 1993) .................................................................................................. 2

*Da Silva v. Bennet Street Development Corporation,*
    CV 05-2989 (ARR)(MDG),
    2010 U.S. Dist. LEXIS 112832 (E.D.N.Y. Sept. 24, 2010) ................................................ *passim*

*De Los Santos v. Just Wood Furniture, Inc.*, 7:05-cv-9369 (WWE),
    7:06-cv-5749 (WWE),
    2010 U.S. Dist. LEXIS 15463 (S.D.N.Y. Feb. 2, 2010) ..................................................... 20

*Dong v. CCW Fashion Inc.*,
    06 Civ. 4973 (LAP)(DFE), 07 Civ. 9741 (LAP)(DFE),
    2009 U.S. Dist. LEXIS 33194 (S.D.N.Y. Feb. 19, 2009) .......................................... 4, 12, 15, 20

*Fustok v. ContiCommodity Services,*
    873 F.3d 38 (2d Cir. 1989) ............................................................................................... 6

*Gesualdi v. MBM Industries*, CV -10-2607 (BMC),
    2010 U.S. Dist. LEXIS 96319 (E.D.N.Y. Sept. 13, 2010) .............................................. 3, 6

*Grant v. Martinez,*
    973 F.2d 96 (2d Cir. 1992) .............................................................................................. 19

*Herman v. RSR Sec. Servs.*,
    172 F.3d 132 (2d Cir. 1999) ............................................................................................ 16

*House v. Kent Worldwide Machine Works,*
    359 Fed. Appx. 206 (2d Cir. 2010).............................................................................. 4, 6

*Jin v. Pac. Buffet House, Inc.*, CV-06-579 (VVP),
    2009 U.S. Dist. LEXIS 74901 (E.D.N.Y. Aug. 24, 2009) ................................................. 7

*Ke v. Saigon Grill,*
    595 F. Supp. 2d 240 (S.D.N.Y. 2008) ............................................................................. 15

*Kopec v. GMG Construction*, 09-CV-2187 (KAM) (ALC),
    2010 U.S. Dist. LEXIS 104844 (E.D.N.Y. Sept. 10, 2010) ......................................... 8, 16

*LeBlanc-Sternberg v. Fletcher*,
   143 F.3d 748 (2d Cir. 1998) ................................................................................ 21

*Lin v. Hayashi Ya II, Inc.*, 08 Civ. 6071 (SAS) (AJP),
   2009 U.S. Dist. LEXIS 12963 (S.D.N.Y. Jan. 30, 2009) ...................................... 8, 20

*Liu v. Jen Chu Fashion Corp.*, 00 Civ. 4221 (RJH) (AJP),
   2004 U.S. Dist. LEXIS 35 (S.D.N.Y. Jan. 7, 2004) ............................................ 17

*Lu v. Jing Fong Restaurant*,
   503 F. Supp. 2d 706 (S.D.N.Y. 2007) ............................................................ 10, 11

*Magnoni v. Smith & Laquercia, LLP*,
   661 F. Supp. 2d 412 (S.D.N.Y. 2009) ............................................................ 7

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*,
   450 F.3d 91 (2d Cir. 2006) ............................................................................ 20

*McLaughlin v. Richland Shoe Company*,
   486 U.S. 128, 108 S. Ct. 1677 (1988)............................................................. 9

*Mendez v. Nooch, Inc.*, 07 Civ. 11174 (LLS),
   2009 U.S. Dist. LEXIS 25114 (S.D.N.Y. Mar. 5, 2009) ................................... 4, 7, 9

*Myers v. Copper Cellar Corporation*,
   192 F.3d 546 (6th Cir. 1999) ......................................................................... 11

*Moon v. Joon Gab Kwon*,
   248 F. Supp. 2d 201 (S.D.N.Y. 2002) ............................................................ 15

*Morales v. Cancun Charlie's Restaurant*, 3:07-cv-1836 (CFD),
   2010 U.S. Dist. LEXIS 125516 (D. Conn. Nov. 23, 2010) ............................... 15

*Pedigo v. Austin Rumba, Inc.*,
   722 F. Supp. 2d 714 (W.D. Tex. 2010) .......................................................... 11

*Pereira v. J. Sisters Hair Care Products*, 08 Civ. 4537 (GBD) (RLE),
   2010 U.S. Dist. LEXIS 53137 (Apr. 5, 2010) ................................................ 4

*Reich v. Southern New England Telecommunications Corporation*,
   121 F.3d 58 (2d Cir. 1997) ....................................................................... 14, 16

*Reilly v. Natwest Markets Group*,
   181 F.3d 253 (2d Cir. 1999) ....................................................................... 16, 17

*Reiter v. MTA N.Y. City Transit Authority*,

457 F.3d 224 (2d Cir. 2006) ................................................................................ 20

*Rios v. Neighborhood Construction Corporation*, No. 07 Civ. 8701 (LTS),
   2009 U.S. Dist. LEXIS 95629 (S.D.N.Y. Oct. 14, 2009) ............................... 9, 20

*Rivera v. Ndola Pharmacy Corporation*,
   497 F. Supp. 2d 381 (E.D.N.Y. 2007) ............................................................ 7

*SEC v. Pallais*, 08 Civ. 8384 (GBD) (GWG),
   2010 U.S. Dist. LEXIS 69594 (S.D.N.Y. July 9, 2010) ................................. 6

*Shapiro, Bernstein & Company v. Continental Record Co.,*
   386 F.2d 426 (2d Cir. 1967) ........................................................................... 3

*Tandoor Restaurant, Inc. v. Commissioner of Labor*,
   Docket No. PR-82-85 (Industrial Bd. App. Dec. 23, 1987)............................ 11

*United States ex rel. Evergreen Pipeline Construction Company v.*
   *Merritt Meridian Construction Corporation,*
   95 F.3d 153 (2d Cir. 1996) ............................................................................ 21

*Vasquez v. Ranieri Cheese Corporation*, 07-cv-464-ENV-VVP,
   2010 U.S. Dist. LEXIS 29431 (E.D.N.Y. Mar. 25, 2010)................................. 8, 9, 17

*Wong v. Hunda Glass Corporation*, 09 Civ. 4402 (RLE),
   2010 U.S. Dist. LEXIS 90736 (S.D.N.Y. Sept. 1, 2010)................................... 19, 20

*Yang v. ACBL Corporation,*
   427 F. Supp. 2d 327 (S.D.N.Y. 2005) ........................................................... 7

*Yin v. Kim*, CV 07-1236 (DLI) (JO),
   2008 U.S. Dist. LEXIS 118533 (E.D.N.Y. Mar. 7, 2008)............................... 7

*Young v. Sea Horse Venture IV, LLC*, No. 3:07-CV-1818-M,
   2009 U.S. Dist. LEXIS 56957 (N.D. Tex. Feb. 9, 2009)................................. 12

*Zhao v. East Harlem Laundromat, Inc.*, 07 Civ. 0201 (RJS)(HBP),
   2010 U.S. Dist. LEXIS 121335 (S.D.N.Y. Oct. 8, 2010)................................. 4, 14

STATUTES:

29 U.S.C. §§ 201 ................................................................................................ 1

29 U.S.C. § 203(m) ......................................................................................... 10

29 U.S.C § 206 .......................................................................................... 5, 12

29 U.S.C. § 216(b) ............................................................................... 12, 13, 18

29 U.S.C. § 218(a) ........................................................................................ 12

29 U.S.C. § 255 .............................................................................................. 8

29 U.S.C. § 260 ........................................................................................... 13

N.Y. Labor Law § 196-d ............................................................................. 5, 11

N.Y. Labor Law § 198 ........................................................................ 9, 12, 14, 18

N.Y. Labor Law § 650 ................................................................................... 1

N.Y. Labor Law § 652 ............................................................................... 5, 12

N.Y. Lab. Law § 663(3) ........................................................................ 9, 12, 14

RULES:

Fed. R. Civ. P. 55 ............................................................................... *passim*

N.Y. C.P.L.R. § 5001 ................................................................................ 16

N.Y. C.P.L.R. § 5004 ................................................................................ 16

REGULATIONS:

NYCRR § 137–1.7 .................................................................................. 5, 10

Plaintiffs Budiono Wicaksono, Jong Hui Kwek, Rudy Harianto, Handoko Gwie (collectively, "Plaintiffs"), submit this memorandum of law in support of their motion for entry of a default judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.[1]

## **Preliminary Statement**

Plaintiffs are entitled to judgment by default under Rule 55(b) because Defendant XYZ 49 Corp. d/b/a/ Aoki Sushi ("Defendant" or "Aoki Sushi") has not appeared in this action nor answered the pleadings, and the Clerk of the Court, accordingly, has entered the Defendant's default. (Kirschenbaum Aff., Ex. B)

Plaintiffs allege that they regularly worked more than ten hours per day and more than fifty hours per week, but Defendant paid them less than $20 per day. (*See generally* Compl.)  Accordingly, Plaintiffs brought this action to recover Defendant's failure to meet the standards for minimum wage, overtime compensation and "spread-of-hours" pay under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law § 650 *et seq.* ("NYLL").  Defendant also illegally required Plaintiffs to share their tips with the restaurant's manager and the kitchen staff, none of whom are proper tip-pool participants.

---

[1]    To assist the Court, Plaintiffs herewith submit the Affirmation of D. Maimon Kirschenbaum, dated January 19, 2011 ("Kirschenbaum Aff."), attaching as Exhibit A the complaint filed in this action on May 4, 2010 ("Complaint" or "Compl."), attaching as Exhibit B, the Clerk's Certificate, dated August 31, 2010, attaching as Exhibit C, the records for the attorneys' time and the expenses in this case, attaching as Exhibit D, a Summary of Damages Calculations for Budiono Wicaksono, attaching as Exhibit E, a Summary of Damages Calculations for Jong Hui Kwek, attaching as Exhibit F, a Summary of Damages Calculations for Rudy Harianto, and attaching as Exhibit G, a Summary of Damages Calculations for Handoko Gwie.  Plaintiffs further submit herewith the Affidavit of Budiono Wicaksono, dated September 1, 2010 ("Wicaksono Aff."); the Affidavit of Jong Hui Kwek, dated September 1, 2010 ("Kwek Aff."); the Affidavit of Rudy Harianto, dated September 1, 2010 ("Harianto Aff."); the Affidavit of Handoko Gwie, dated September 1, 2010 ("Gwie Aff.").

The factual allegations in the Complaint fully support each of the alleged causes of action.  Where, as here, a party is in default, the Court should accept the plaintiff's allegations of fact as true.  *See, e.g., Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993) ("factual allegations are taken as true in light of the general default judgment").  Furthermore, Plaintiffs have sufficiently established the basis for their request for damages through their submissions.

## Background

All four Plaintiffs worked at Aoki Sushi as servers.[2]  They all alternated between working five full and one half days per week and four full days and two half days per week.  In either case, they always worked more than forty hours per week, and usually worked more than ten hours per day.[3]  Despite their grueling schedules, Defendant only paid Plaintiffs $15 per day for full days worked and only $10 per day for half days.[4]

Plaintiffs relied predominantly on the tips they received from customers.  However, Defendant did not even allow Plaintiffs to keep all of their tips, but illegally forced them to share tips with "Lisa," the restaurant manager, and with the kitchen staff.  Each of the four Plaintiffs estimates that he tipped out approximately $64 per week to Lisa and the kitchen staff.[5]

---

[2]   Wicaksono Aff. ¶ 1; Kwek Aff. ¶ 1; Harianto Aff. ¶ 1; Gwie Aff. ¶ 1.

[3]   Wicaksono Aff. ¶ 2-4; Kwek Aff. ¶¶ 2-4; Harianto Aff. ¶¶ 2-4; Gwie Aff. ¶¶ 2-4; Compl. ¶¶ 13, 16.

[4]   Wicaksono Aff. ¶ 5; Kwek Aff. ¶ 5; Harianto Aff. ¶ 5; Gwie Aff. ¶ 5; Compl. ¶ 15.

[5]   Wicaksono Aff. ¶¶ 6-10; Kwek Aff. ¶¶ 6-10; Harianto Aff. ¶¶ 6-10; Gwie Aff. ¶¶ 6-10; Compl. ¶18.

**Legal Argument**

**I. PLAINTIFFS ARE ENTITLED TO ENTRY OF DEFAULT JUDGMENT.**

It is indisputable that Defendant is in default. Plaintiffs filed their Complaint on May 4, 2010. (Kirschenbaum Aff., Exs. A & B)  The New York Secretary of State was served with a copy of the summons and complaint on May 5, 2010 and proof of service was served on Johnny Leng, Defendant's managing agent, on July 28, 2010. (Kirschenbaum Aff., Ex. B)  To date, Defendant has not responded to the Complaint. *See Blue v. Finest Guard Servs.*, 09 CV 133 (ARR), 2010 U.S. Dist. LEXIS 73223, at *10 (June 24, 2010), *adopted by*, 2010 U.S. Dist. LEXIS 73160 (E.D.N.Y. July 19, 2010). Nor has any attorney noticed any appearance on its behalf. *See id.* ("Failure to obtain counsel constitutes a failure to defend because corporations cannot proceed in federal court pro se.") (citing *Shapiro, Bernstein & Co. v. Continental Record Co.,* 386 F.2d 426, 427 (2d Cir. 1967) (*per curiam*)).  Moreover, a Clerk's Certificate of Default already has been filed (Kirschenbaum Aff., Ex. B), so Plaintiffs are entitled to an entry of default by virtue of the Defendant's failure to answer the Complaint or otherwise defend against the lawsuit. Fed. R. Civ. P. 55(b); *Alston v. Northstar La Guardia LLC*, 10 Civ. 3611 (LAK) (GWG), 2010 U.S. Dist. LEXIS 90958, at *2 (S.D.N.Y. Sept. 3, 2010).

> **A. The Well-Pleaded Allegations In The Complaint Must Be Accepted As True.**

For purposes of a default motion, the well-pleaded factual allegations set forth in the complaint are accepted as true. *See Gesualdi v. MBM Indus.*, CV-10-2607 (BMC), 2010 U.S. Dist. LEXIS 96319, at *2 (E.D.N.Y. Sept. 13, 2010) ("In light of defendants' default in this case, all of the well-pleaded allegations in plaintiffs' complaint pertaining

to liability are deemed true.").[6] "A factual allegation will be deemed not well-pleaded only in 'very narrow, exceptional circumstances.'" *Pereira v. J. Sisters Hair Care Prods.*, 08 Civ. 4537 (GBD) (RLE), 2010 U.S. Dist. LEXIS 53137, at *4 (Apr. 5, 2010), *adopted by*, 2010 U.S. Dist. LEXIS 53249 (S.D.N.Y. June 1, 2010).

The factual allegations deemed admitted also should include Plaintiffs' allegations that Defendant's failure to compensate them in accordance with state and federal law was willful. (Compl. ¶¶ 10-11, 17, 25, 28, 34, 38, 41-42) "Many courts have found that a defendant's default, in itself, may suffice to support a finding of willfulness." *Da Silva v. Bennet St. Dev. Corp.*, CV 05-2989 (ARR)(MDG), 2010 U.S. Dist. LEXIS 112832, at *35-36 (E.D.N.Y. Sept. 24, 2010) (citing cases).[7]

---

[6]   *See also House v. Kent Worldwide Mach. Works, Inc.*, 359 Fed. Appx. 206, 207 (2d Cir. 2010); *Mendez v. Nooch, Inc.*, 07 Civ. 11174 (LLS), 2009 U.S. Dist. LEXIS 25114, at *6 (S.D.N.Y. Mar. 5, 2009).

[7]   *See also Zhao v. East Harlem Laundromat, Inc.*, 07 Civ. 0201 (RJS)(HBP), 2010 U.S. Dist. LEXIS 121335, at *10 (Oct. 8, 2010), *adopted by,* 2010 U.S. Dist. LEXIS 121328 (S.D.N.Y. Nov. 12, 2010) ("I infer that the defendants acted willfully by virtue of their default in this action."); *Cao v. Wu Liang Ye Lexington Rest.*, 08 Civ. 3725 (DC), 2010 U.S. Dist. LEXIS 109373, at *16-17 (S.D.N.Y. Sept. 30, 2010) ("[D]efendants' violations of the FLSA were willful. Indeed, defendants defaulted on the allegations in the complaint, including the allegations of lack of good faith."); *Blue*, 2010 U.S. Dist. LEXIS 73223 at *33 ("Since the corporate defendant has failed to appear in court for this case, and a default judgment has entered against it, its failure to pay plaintiffs' minimum wages is deemed to be willful."); *Dong v. CCW Fashion Inc.*, 06 Civ. 4973 (LAP)(DFE),07 Civ. 9741 (LAP)(DFE), 2009 U.S. Dist. LEXIS 33194, at *12 (Feb. 19, 2009), *adopted by,* 2009 U.S. Dist. LEXIS 27104 (S.D.N.Y. Apr. 1, 2009) ("The defendants defaulted and therefore plaintiffs are entitled to . . . a finding that the defendants' conduct was willful . . . ."); *Boyke v. Superior Credit Corp.*, 01-CV-0290, 2006 U.S. Dist. LEXIS 93928, at *21 (N.D.N.Y Dec. 28, 2006) ("Since defendant has admitted all of the allegations of the complaint by virtue of its default, the court cannot find good faith because this admission means that defendant has acknowledged violating the FLSA. Obviously, a willful violation of the statute would preclude a finding of good faith.").

### B. The Allegations Clearly Establish Defendant's Liability.

#### 1. Minimum Wage, Overtime And Spread-Of-Hours.

According to the well-pleaded allegations in their Complaint and their affidavits, each of the Plaintiffs worked approximately 53.5 to 57.5 hours every week, and most days worked more than ten hours per day.[8] Yet, Defendant only paid Plaintiffs $65-70 per week – less than $20 per day.[9] Thus, it is indisputable that Plaintiffs are entitled to 1) the minimum wage for all hours worked, 2) overtime compensation when they exceeded forty working hours per week, and 3) spread-of-hours pay for those days when their shifts exceeded ten hours. *See* 29 U.S.C. § 206; NYLL § 652; 12 NYCRR § 137–1.7.

#### 2. Misappropriated Tips.

All four Plaintiffs contend that Defendant forced them to share their tips with the restaurant manager and with kitchen staff.[10]  NYLL Section 196-d ("section 196-d") prohibits any employer from "demand[ing] or accept[ing], directly or indirectly, any part of the gratuities, received by an employee." NYLL § 196-d; *Alejo v. Darna Rest.*, 09 Civ. 5436 (CM) (AJP), 2010 U.S. Dist. LEXIS 133613, at *9 (S.D.N.Y. Dec. 17, 2010).

As a result of Defendants' illegal tip practices, Defendants must "disgorge the amount of tip-credit deducted from each plaintiff's wages," and return to each plaintiffs the amount of tips wrongfully withheld. *Chan v. Sung Yue Tung Corp.*, 03 Civ. 6048 (GEL), 2007 U.S. Dist. LEXIS 7770, at *59, 65 (S.D.N.Y. Feb. 1, 2007) (awarding wrongfully withheld tips where plaintiffs were required to share tips with improper

---

[8]   Gwie Aff. ¶¶ 2-4; Harianto Aff. ¶¶ 2-4; Kwek Aff. ¶¶ 2-4; Wicaksono Aff. ¶¶ 2-4; Comp. ¶¶ 13, 16.

[9]   Gwie Aff. ¶ 5; Harianto Aff. ¶ 5; Kwek Aff. ¶ 5; Wicaksono Aff. ¶ 5; Comp. ¶ 15.

[10]   Gwie Aff. ¶¶ 6-9; Harianto Aff. ¶¶ 6-9; Kwek Aff. ¶¶ 6-9; Wicaksono Aff. ¶¶ 6-9; Comp. ¶¶ 18, 37.

employees). *See, e.g., Cao,* 2010 U.S. Dist. LEXIS 109373 at *12 (awarding wrongfully withheld tips).

## II. THE COURT MAY SET DAMAGES WITHOUT AN INQUEST.

"'The Second Circuit has held that an inquest into damages may be held on the basis of documentary evidence 'as long as [the Court has] ensured that there was a basis for the damages specified in [the] default judgment.'" *Cesario v. BNI Constr.,* No. 07 Civ. 8545, 2008 U.S. Dist. LEXIS 103155, at *3-4 (Dec. 15, 2008) (quoting *Fustok v. ContiCommodity Servs.,* 873 F.3d 38, 40 (2d Cir. 1989)), *adopted by,* 2009 U.S. Dist. LEXIS 12888 (S.D.N.Y. Feb. 19, 2009). *See also House,* 359 Fed. Appx. at 207 ("We have previously held that a hearing is not necessary when the district court relies 'upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record' to calculate a damage award."); *Alejo,* 2010 U.S. Dist. LEXIS 133613 at *7 (same).

Here, Plaintiffs' sworn affidavits detailing the days they worked, their hours, the wages they were paid (as opposed to the amounts they were legally owed), and the amount of tips Defendant misappropriated suffice to establish damages. *See Yin v. Kim,* CV 07-1236 (DLI) (JO), 2008 U.S. Dist. LEXIS 118533, at *7 (Mar. 7, 2008) ("Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing."), *adopted by,* 2008 U.S. Dist. LEXIS 26064 (E.D.N.Y. Mar. 31, 2008); *Da Silva,* 2010 U.S. Dist. LEXIS 112832 at *13 (finding that although plaintiffs' submissions, which consisted of sworn declarations, were "sparse, at best," "in the default context, where the

defendants have failed to dispute plaintiffs' allegations," plaintiffs have provided "a sufficient basis for determination of damages without a hearing").[11]

While employees seeking unpaid wages under the FLSA usually bear the initial burden of proving that they performed work for which they were not properly compensated, courts are mindful of the fact that "it is the employer who has the duty . . . to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed." *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S. Ct. 1187, 1192 (1946).

Thus, "[w]here an employer fails to keep and preserve the proper records, the Supreme Court has established a burden-shifting approach for making determinations of fact concerning wages paid and hours worked." *Jin v. Pac. Buffet House, Inc.*, CV-06-579 (VVP), 2009 U.S. Dist. LEXIS 74901, at *15 (E.D.N.Y. Aug. 24, 2009). The employee does not need documentary evidence to satisfy his burden; he can rely on his recollection alone. *See, e.g., id.*; *Magnoni v. Smith & Laquercia, LLP*, 661 F. Supp. 2d 412 (S.D.N.Y. 2009); *Rivera v. Ndola Pharm. Corp.,* 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007); *Yang v. ACBL Corp.,* 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005). "'[T]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records.'" *Rivera,* 497 F. Supp. 2d at 389 (quoting *Anderson,* 328 U.S. at 688).

---

[11]   *See also Gesualdi*, 2010 U.S. Dist. LEXIS 96319 at *3 (declarations and other documentary evidence sufficient to establish damages without a hearing); *SEC v. Pallais*, 08 Civ. 8384 (GBD) (GWG), 2010 U.S. Dist. LEXIS 69594, at *5 (S.D.N.Y. July 9, 2010) ("Because plaintiff's submissions provide such a basis [for establishing damages], no hearing is required."); *Mendez*, 2009 U.S. Dist. LEXIS 25114 at *6-7 (awarding damages based on plaintiffs' submissions "which [are] unrebutted by defendants").

Where, as here, the employer is in default, plaintiffs are similarly permitted to rely on their recollections to establish damages. "[B]y defaulting, defendants have deprived the plaintiffs of the necessary employee records required by FLSA, thus hampering plaintiffs' abilities to prove their damages." *Da Silva*, 2010 U.S. Dist. LEXIS 112832 at *14-15.[12] "Because Defendants have failed to respond to Plaintiffs' complaint and Plaintiffs' motion for damages, Plaintiffs' testimony as to their employment duties, the hours they worked, their rate of pay, and Defendants' withholding of compensation are uncontested and [the court will] assume them to be correct for the purpose of this motion." *Kopec v. GMG Constr.*, 09-CV-2187 (KAM) (ALC), 2010 U.S. Dist. LEXIS 104844, at *3 (Sept. 10, 2010), *adopted by*, 2010 U.S. Dist. LEXIS 104842 (E.D.N.Y. Sept. 30, 2010); *Lin v. Hayashi Ya II, Inc.*, 08 Civ. 6071 (SAS) (AJP), 2009 U.S. Dist. LEXIS 12963, at *8 (Jan. 30, 2009), *adopted by*, 2009 U.S. Dist. LEXIS 15513 (S.D.N.Y. Feb. 26, 2009).

Thus, Plaintiffs' affidavits sufficiently establish the basis for their request for damages so that no inquest is necessary. *Alejo*, 2010 U.S. Dist. LEXIS 133613 at *7; *Cesario*, 2008 U.S. Dist. LEXIS 103155 at *3-4.

---

[12]  *See also Alejo*, 2010 U.S. Dist. LEXIS 133613 at *7; *Vasquez v. Ranieri Cheese Corp.*, 07-cv-464-ENV-VVP, 2010 U.S. Dist. LEXIS 29431, at *25 (E.D.N.Y. Mar. 25, 2010); *Chao v. Vidtape*, 196 F. Supp. 2d 281, 293-94 (E.D.N.Y. 2002), *aff'd in relevant part, modified in part on other grounds,* 2003 U.S. App. LEXIS 10707 (2d Cir. May 29), *cert. denied,* 540 U.S. 1047, 124 S. Ct. 807 (2003).

## III. PLAINTIFFS' DAMAGE CALCULATIONS.

### A.  Applicable Limitations Periods.

#### 1. The FLSA's Three-Year Statute of Limitations Is Applicable Because Defendant's Actions Were Willful.

The statute of limitations under the FLSA is ordinarily two years, but may be extended to three years if the cause of action arises out of a willful violation of the Act. 29 U.S.C. § 255(a).  The Supreme Court has held that a willful violation is one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 1681 (1988).

Here, Plaintiffs have alleged that Defendant's failure to pay them in accordance with the FLSA and NYLL was willful (Compl. ¶¶ 10-11, 17, 25, 28, 34, 38, 41-42), and Defendant's default is deemed an admission of those allegations. *See supra* at 4 & n.7. *See also Mendez*, 2009 U.S. Dist. LEXIS 25114 at *11 (extending the limitations period to three years against Defendants who had defaulted, citing allegations in the complaint that Defendants had willfully violated FLSA).

#### 2. The NYLL Statute of Limitations.

The statute of limitations for Plaintiffs' claims brought under the NYLL is six years, which encompasses each Plaintiff's entire period of employment.  NYLL §§ 198(3), 663(3).  *See Vasquez*, 2010 U.S. Dist. LEXIS 29431 at *54-55 ("New York law has a six-year-statute of limitations for violations of its overtime, minimum wage and spread of hours pay requirements.  Accordingly, Defendant is liable under New York law

for any violations that accrued during the six years that preceded the filing of the action.") (citations omitted).[13]

### B. Plaintiffs May Recover Unpaid Wages At The Ordinary, Statutorily Prescribed Minimum Wage And Overtime Rates.

#### 1. Defendant Is Not Entitled To A "Tip Credit."

Under limited circumstances, an employer may pay a tipped employee an hourly wage that is less than the minimum wage where the amount of tips the employee actually receives, added to the hourly wage the employer pays, is at least equal to the minimum wage. 29 U.S.C. § 203(m); 12 N.Y.C.R.R. §§ 137-1.1-1.3. This practice is known as taking a tip credit.

However, both the FLSA and NYLL prohibit employers from taking a tip credit unless all tips received by the employee have been retained by the employee. *See Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 395, 309 (S.D.N.Y. 1998) ("[D]efendant must disgorge the amount of tip credit deducted from each plaintiff's wages during the period that the tip pool violated [29 U.S.C.] § 203(m)."); *Lu v. Jing Fong Rest.,* 503 F. Supp. 2d 706, 711 (S.D.N.Y. 2007) (finding that illegal deductions from employees' tips render an employer "ineligible to receive a tip credit under New York law"); *Chan*, 2007 U.S. Dist. LEXIS 7770 at *69-70 (where defendant violated tip credit provisions, plaintiffs were entitled to "the difference between the reduced hourly wage he or she was paid because of the tip credit allowance the defendants took and the statutorily-

---

[13]    Plaintiff Kwek, who worked for Defendant from February 28, 2007 until May 2010 (Kwek Aff. ¶1), has eight weeks of employment that falls outside of the three-year FLSA statute of limitations but well within the six-year NYLL limitations period. *See Rios v. Neighborhood Constr. Corp.*, No. 07 Civ. 8701 (LTS), 2009 U.S. Dist. LEXIS 95629, at *3 n.2 (S.D.N.Y. Oct. 14, 2009) ("For the period that is untimely under the federal three-year statute of limitations but timely under the state law six-year statute of limitations, the state law claim is operative.").

prescribed minimum wage, including at the applicable New York minimum wage for all hours after January 1, 2005, when New York's rate was increased above the federal minimum wage"). This means that tips may be pooled among employees, but participants in the tip pools may only include other service employees who customarily and regularly receive tips.

Here, Plaintiffs maintain that Defendant illegally required them to share their tips with the restaurant's manager and with the kitchen staff. [14] It is well-settled that under section 196-d, only the people who are similar to waiters and therefore allowed to share their tips are individuals who provide direct customer service and have direct interaction with customers. *Chan v. Triple 8 Palace*, No. 03 Civ. 6048, 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. March 30, 2006) (stating that the inclusion of non-service employees in a tip pool violates section 196-d).

Courts consistently have held that individuals – like the kitchen staff in this case -- who do not have meaningful customer interaction and/or do not perform their duties in the view of customers are not tip eligible under the FLSA and/or NYLL. *See Lu*, 503 F. Supp. 2d at 711 (noting that under § 196-d dishwashers may not participate in a tip pool because they do not provide direct customer service); *Tandoor Rest., Inc. v. Commissioner of Labor*, Docket No. PR-82-85 (Industrial Bd. App. Dec. 23, 1987) (finding that kitchen workers including expediters and dishwashers provided no customer service and could not lawfully be part of the tip-pool) (attached hereto). [15]

---

[14]   Gwie Aff. ¶¶ 6-9; Harianto Aff. ¶¶ 6-9; Kwek Aff. ¶¶ 6-9; Wicaksono Aff. ¶¶ 6-9; Comp. ¶¶ 18, 37.

[15]   *See also Myers v. Copper Cellar Corp.*, 192 F.3d 546, 550-551 (6th Cir. 1999) (salad preparers that performed their duties outside of the customers view were not tip eligible); *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 733 (W.D. Tex. 2010) (dishwashers not

11

Agents of the employer who wield managerial authority – such as "Lisa" in this case -- may never participate in a tip pool. *See Chung v. New Silver Palace Rest.*, 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002) ("The taking of shares of waiters' tips by [persons] with managerial authority . . . violates the statutory condition that "all tips" received by the waiters and busboys be "retained" by the waiters and busboys."); *Ayres,* 12 F. Supp. 2d at 309 ("Restaurant illegally took a 'tip credit' against wait staff's hourly wage during period that general manager, who was not 'an employee "who customarily and regularly receive[d] tips"' under FLSA, received share of wait staff's tip pool . . . .").

Thus, Plaintiffs' evidence establishes that Defendant is not eligible to take a tip credit with regard to their wages. Moreover, it demonstrates that they are entitled to recoup the amount in tips that was misappropriated by Defendant. *See Alejo*, 2010 U.S. Dist. LEXIS 133613 at *10; *Chan*, 2007 U.S. Dist. LEXIS 7770 at *59, 65.

### 2. The Applicable Minimum Wage Should Be The Higher Of The Federal And State Minimum Wage for The Relevant Time Period.

In calculating damages arising from minimum wage, overtime, and spread-of-hours violations, the applicable minimum wage should be the federal or state minimum wage, whichever is higher at the relevant time. The federal minimum wage is intended to be a floor, not a ceiling. *See* 29 U.S.C. § 218(a). Thus, to the extent state minimum wage levels exceeded federal levels state minimum wage levels should apply in calculating

___

tip eligible); *Allsopp v. Akiyama, Inc.*, No. 09-cv-00063-WYD-KMT, 2010 U.S. Dist. LEXIS 127060, at *14 (D. Colo. Mar. 26, 2010) (recognizing that a restaurant may not "divert[] servers tips to 'back of the house' employees such as kitchen workers"); *Young v. Sea Horse Venture IV, LLC*, NO. 3:07-CV-1818-M, 2009 U.S. Dist. LEXIS 56957, at *2 (N.D. Tex. Feb. 9, 2009) (Defendants violated the FLSA by having "kitchen helpers" receive a portion of service employees' tips).

damages. *See id.* (noting that no provision of FLSA "shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under" FLSA); *Dong,* 2009 U.S. Dist. LEXIS 33194 at *9 (applying higher New York State minimum wage rate); *Chan,* 2007 U.S. Dist. LEXIS 7770 at *70 (the FLSA wage incorporates "the applicable New York minimum wage for all hours after January 1, 2005, when New York's rate was increased above the federal minimum wage") (citing 29 U.S.C. § 218(a)).[16]

### C. Plaintiffs Are Entitled To Liquidated Damages Under The FLSA And NYLL.

Both the FLSA and the NYLL provide for liquidated damages in addition to actual damages. The FLSA provides for liquidated damages of 100 percent. 29 U.S.C. § 216(b). The NYLL provides for liquidated damages of 25 percent for labor law violations. NYLL §§ 198, 663.

#### 1. FLSA Liquidated Damages.

An employer who willfully violates the FLSA is liable for the unpaid wages and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). An employer is liable for liquidated damages unless it can demonstrate that its actions were in good faith and that it had reasonable grounds for believing its actions or omissions did not violate FLSA. *Barfield v. New York City Health & Hosps.* Corp., 537 F.3d 132, 150 (2d Cir. 2008) ("To establish the requisite subjective 'good faith,' an employer must show that it took 'active steps to ascertain the dictates of the FLSA and

---

16    The full FLSA minimum wage was $5.15 per hour throughout Plaintiffs' employment. *See Chan,* 2007 U.S. Dist. LEXIS 7770 at *46 ("Federal law sets the minimum at $ 5.15[.]"). 29 U.S.C. § 206. The New York State minimum wage was $ 7.15 on and after January 1, 2007, and then $ 7.25 per hour on and after July 24, 2009. NYLL § 652(1).

then act to comply with them.'"). "Under the FLSA, double damages are the norm unless a defendant shows that it acted in good-faith and that its conduct was lawful by providing plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it." *Ayres,* 12 F. Supp. 2d at 309 (internal quotations omitted).

The Second Circuit has explained that "the employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective reasonableness. The burden, under 29 U.S.C. § 260, is a difficult one to meet, however, and 'double damages are the norm, single damages the exception.'" *Reich v. Southern New England Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997) (citations and internal quotation marks omitted). *See also Brock v. Wilamowsky,* 833 F.2d 11, 20 (2d Cir. 1987) ("The Act does not authorize the court to decline to award liquidated damages, in whole or in part, unless the employer has established its good-faith, reasonable-basis defense.").

Here, where the Defendant has defaulted, it certainly has not met its burden to demonstrate that its failure to pay Plaintiffs in compliance with federal and state law was somehow in "good faith." *See Zhao,* 2010 U.S. Dist. LEXIS 121335 at *24 ("Because the defendant has ceased defending this action and a default judgment has been ordered, the defendant has not carried the burden of showing that an award of liquidated damages is inappropriate. Therefore, liquidated damages are appropriate under both federal and state law.").

### 2. NYLL Liquidated Damages.

The NYLL allows a worker to recover twenty-five percent of his unpaid wages as liquidated damages where his employer's violation was willful. NYLL

14

§§ 198(1-a), 663(1).  Since, as discussed *supra*, Defendant's wage and hour violations were willful, Plaintiffs are entitled to liquidated damages under the NYLL.  *See Blue*, 2010 U.S. Dist. LEXIS 73223 at *28 (report and recommendation) ("Plaintiffs are also entitled under state law to receive liquidated damages of 25% if the employer's underpayments were willful. The test for determining willfulness under the NYLL is the same test used to determine willfulness under the FLSA."); *Ayres,* 12 F. Supp. 2d at 309 ("A violation of the New York Labor Law is wilful, warranting an award of 25% liquidated damages in addition to lost wages, where the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages. No finding of malice or bad faith, however, is necessary."); *Moon v. Joon Gab Kwon,* 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002) (same).

Moreover, Plaintiffs may be awarded liquidated damages under both the FLSA and NYLL for the same time periods because these damages, though sharing the same name, serve fundamentally different purposes. "A prevailing plaintiff who can justify both federal liquidated damages and state-law damages should be eligible to recover both." *Ke v. Saigon Grill*, 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008) (citations and quotations omitted).[17]

"Because liquidated damages under the FLSA and the [NYLL] serve fundamentally different purposes, a plaintiff may recover liquidated damages under both the FLSA and the Labor Law." *Cao,* 2010 U.S. Dist. LEXIS 109373 at *16.  Liquidated damages under  the FLSA are the functional equivalent of prejudgment interest; they are

---

[17]   *See, e.g., Da Silva*, 2010 U.S. Dist. LEXIS 112832; *Dong,* 2009 U.S. Dist. LEXIS 33194; *Ayres,* 12 F. **Supp.** 2d 309.  *See also Morales v. Cancun Charlie's Rest*., 3:07-cv-1836 (CFD), 2010 U.S. Dist. LEXIS 125516, at *26 (D. Conn. Nov. 23, 2010).

"not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 142 (2d Cir. 1999). *See also Reich*, 121 F.3d at 71 ("Liquidated damages under the FLSA are considered compensatory rather than punitive in nature."). The compensatory nature of FLSA liquidated damages is further underlined by the allocation of the burden of proof to the defendant, who must make an affirmative showing of good faith to avoid liability. *Brock*, 833 F.2d at 19. By contrast, liquidated damages under the NYLL are punitive in nature; they "'constitute a penalty' to deter an employer's willful withholding of wages due." *Reilly v. Natwest Mkts. Group*, 181 F.3d 253, 265 (2d Cir. 1999) (quoting *Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115, 116, 74 A.D.2d 550, 551 (1st Dep't 1980)), *cert. denied*, 528 U.S. 1119 (2000).

Thus, the calculations for liquidated damages for each Plaintiff reflect: (1) FLSA liquidated damages, covering the entirety of Plaintiffs' employment (except for the initial eight weeks of Mr. Kwek's employment), based upon damages arising from minimum wage and overtime pay violations; and (2) NYLL liquidated damages, covering the entirety of Plaintiffs' employment, based upon damages arising from the same violations, as well as from violations concerning spread-of-hours pay and tip misappropriations.

### D. Plaintiffs Are Entitled To Prejudgment Interest On Their NYLL Claims.

Plaintiffs are also entitled to prejudgment interest at a statutory rate of nine percent, on any award of damages under the NYLL (withheld tips and spread of hours pay) as well as damages for minimum wages and overtime for which Plaintiffs could recover under both the NYLL and FLSA. *See* N.Y. C.P.L.R. §§ 5001, 5004; *Kopec*, 2010 U.S. Dist. LEXIS 104844 at *12 ("Although Plaintiffs cannot

recover both liquidated damages and prejudgment interest under the FLSA, they may recover NYLL prejudgment interest on unpaid wages that were awarded under both the FLSA and NYLL, even where FLSA liquidated damages have also been awarded based on that amount."); *Chan*, 2007 U.S. Dist. LEXIS 33883 at *25 (same).

Prejudgment interest may be awarded in addition to any liquidated damages that the Court may award. *See Reilly*, 181 F.3d at 265 (holding that even where a plaintiff is awarded liquidated damages under the NYLL, prejudgment interest still is appropriate), *cert. denied,* 528 U.S. 1119 (2000); *Vasquez*, 2010 U.S. Dist. LEXIS 29431 at *58 ("In contrast to federal law, an award of liquidated damages under New York law is punitive in nature, so an employee awarded liquidated damages under New York law may also recover pre-judgment interest."); *Liu v. Jen Chu Fashion Corp.*, 00 Civ. 4221 (RJH) (AJP), 2004 U.S. Dist. LEXIS 35, at *16 (S.D.N.Y. Jan. 7, 2004) (same). *See also Blue*, 2010 U.S. Dist. LEXIS 73223 at *35-36 ("'To the extent . . . damages awarded to the plaintiff represent compensation for lost [back] wages, 'it is ordinarily an abuse of discretion not to include prejudgment interest.'") (citation and internal quotation marks omitted).

## IV. DAMAGES ANALYSIS.

Based on the above, the damages Plaintiffs seek and are entitled to are: (a) the full minimum wage for each regular hour worked, (b) the full overtime rate for each overtime hour worked, (c) the amount of tips retained by Defendant and not distributed to Plaintiffs, (d) spread-of-hours premiums for each workday exceeding ten hours, (e) liquidated damages under federal and state law, (f) prejudgment interest on their

NYLL claims, and (g) attorney fees and expenses.[18]  *See Chan*, 2007 U.S. Dist. LEXIS

7770 at *70-84 (awarding each of these elements of damages).

| Name | FLSA Comp. Damages | NYLL Comp. Damages | FLSA Liquidated Damages | NYLL Liquidated Damages | Total Damages | Date for Accruing Pre-judgment Interest[19] |
|---|---|---|---|---|---|---|
| Budiono Wicaksono | 16,701.74 | 4,631.70 | 16,701.74 | 5,333.35 | 43,368.53 | Nov. 15, 2009 |
| Jong Hui Kwek | 56,218.72 | 21,407.55 | 56,218.72 | 19,609.07 | 153,454.06 | Sep. 28, 2008 |
| Rudy Harianto | 40,004.64 | 10,002.20 | 40,004.64 | 12,501.71 | 102,513.19 | May 1, 2008 |
| Handoko Gwie | 59,853.40 | 4,427.32 | 59,853.40 | 16,070.18 | 140,204.30 | Jan. 26, 2009 |

## V. PLAINTIFFS ARE ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS.

In an action under the FLSA, the court "shall, in addition to any judgment

awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the

defendant, and costs of the action."  29 U.S.C. § 216(b).  Fees and costs are also

awardable under the NYLL with respect to the state law claims.   NYLL § 198; *Cao*,

2010 U.S. Dist. LEXIS 109373 at *22-23.

"The most useful starting point for determining the amount of a reasonable fee is

the number of hours reasonably expended on the litigation multiplied by a reasonable

---

[18]   For the detailed calculations supporting the figures below, *see* Kirschenbaum Aff., Exs. B, D, E and G.

[19]   The mid-point of each Plaintiff's employment. *See Da Silva*, 2010 U.S. Dist. LEXIS 112832 at *38-39 ("[B]ecause plaintiffs were periodically denied wages during their term of employment with defendants, the court . . . . finds the midway point between when 'plaintiff[s] began and ceased working for defendant[s]' as a 'reasonable intermediate date' for purposes of calculating prejudgment interest.").

hourly rate.  This calculation provides an objective basis on which to make an initial estimate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186 (2d Cir. 2008).  Prior to *Arbor Hill*, this amount was known as the "lodestar" amount, which the Second Circuit has suggested be known going forward as the "presumptively reasonable fee." *Id.* at 183; *Cao,* 2010 U.S. Dist. LEXIS 109373 at *22.

The inquiry should be focused on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).  However, in considering the records, the Court should not "engage in 'an *ex post facto* determination of whether attorney hours were necessary to the relief obtained.'" *Cesario*, 2008 U.S. Dist. LEXIS 103155, at *20 (quoting *Grant*, 973 F.2d at 99)).  "The 'most important factor to a determination of what constitutes reasonable attorney's fees is the degree of success obtained by plaintiff.'" *Wong v. Hunda Glass Corp.*, 09 Civ. 4402 (RLE), 2010 U.S. Dist. LEXIS 90736, at *3 (S.D.N.Y. Sept. 1, 2010).

Plaintiffs' attorneys have submitted a compilation of their time records for the Court's consideration on this motion.  (Kirschenbaum Aff, Ex. C)  The Court should find that all attorney hours spent on this case were reasonable under the circumstances and include every hour expended in its calculation of the presumptively reasonable fee.[20]

With respect to determining a reasonable hourly rate, the Second Circuit has held that the term means "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184; *Cao,* 2010 U.S. Dist. LEXIS 109373 at *23-24.  The rate should be

---

[20]   Particularly since Plaintiffs are not even including approximately 16 hours of paralegal time in its submission.

19

"in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (citation omitted).  In considering the appropriate rate, the Court may also use its own knowledge of the relevant market.  *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006).

Here, Plaintiffs' counsel -- both partners at a firm that specializes in wage and hour cases[21] -- seek a rate of $350 per hour.  Plaintiffs' Counsel has applied a discount to their regular rates, which consistently have been approved in wage and hour class action settlements, to reflect the relatively straightforward nature of this non-class action case that resulted in a default judgment.  Courts frequently have approved this rate for attorneys with similar experience.  *See, e.g., Wong*, 2010 U.S. Dist. LEXIS 90736 at *8-9 ("[T]he range of fees in this District for civil rights and employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour.  Based on the skill displayed by Counsel, and the number of years experience, the Court  finds that a rate of $350 per hour is a reasonable rate for the work performed in this rather straightforward FLSA case.") (internal citations omitted) (citing cases); *De Los Santos v. Just Wood Furniture, Inc.*, 7:05-cv-9369 (WWE), 7:06-cv-5749 (WWE), 2010 U.S. Dist. LEXIS 15463, at *7 (S.D.N.Y. Feb. 2, 2010) (approving rate of $350 per hour based on counsel's "substantial experience in litigating employment cases and FLSA cases in particular"); *Dong*, 2009 U.S. Dist. LEXIS 33194 at *17 (same).  *See also Rios*, 2009

---

[21]   Kirschenbaum Aff. ¶¶ 8-13.

U.S. Dist. LEXIS 95629 at *7 (approving rate of $400); *Lin*, 2009 U.S. Dist. LEXIS 12963 at *34 (same).

| Name | Position | Hours | Requested Rate Per Hour | Fees |
|------|----------|-------|-------------------------|------|
| D.    Maimon Kirschenbaum | Partner | 5.4 | 350.00 | 1,785.00 |
| Diane Hester | Partner | 49 | 350.00 | 17,150.00 |
|  |  |  |  | 18,935.00 **Total Fees** |

The small amount ($560.00 (567.31 minus 7.31[22])) of costs sought by Plaintiffs are also reasonable. Plaintiffs are entitled to recover "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Here, Plaintiffs are only seeking costs related to their court filings.

---

[22]    The Second Circuit has held that costs are not to include computerized research expenses. *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996).

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and award damages in the amounts set forth herein.


Dated: New York, New York
      January 19, 2011

                                    Respectfully submitted,
                                    JOSEPH, HERZFELD HESTER &
                                    KIRSCHENBAUM LLP

                                    By: _____/s/_____
                                    Maimon Kirschenbaum
                                    233 Broadway
                                    5th Floor
                                    New York, NY 10279
                                    Tel: (212) 688-5640
                                    Fax: (212) 688-2548

                                    *Attorneys for Plaintiffs*

22